# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TROPHY HOSPITALITY, LLC,[1] | § | Case No.: 21-40512 |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF COLLEEN BURROWS IN SUPPORT OF:
MOTION OF LANDLORD BLUE STAR FRISCO RETAIL, LLC FOR AN ORDER (I) IN THE ALTERNATIVE (A) CONFIRMING THAT THE AUTOMATIC STAY HAS BEEN TERMINATED PURSUANT TO SECTION 362(J) OF THE BANKRUPTCY CODE BECAUSE THE LEASE TERMINATED PREPETITION; OR (B) GRANTING RELIEF FROM THE AUTOMATIC STAY; AND (II) COMPELLING DEBTOR'S COMPLIANCE WITH APPLICABLE LAW AND LEASE PENDING DEPARTURE**

I, Colleen Burrows, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an authorized representative of Lincoln Property Company ("Lincoln"), where I have been employed since, December 2017. Lincoln is the property manager for, *inter alia*, Blue Star Frisco Retail, LLC (the "Landlord"), with respect to that certain facility commonly known as "The Star". Among others, I am responsible for Lincoln's and the Landlord's day to day interaction with, and monitoring of, the above-captioned debtor and debtor in possession (the "Debtor"). I have been assisting the Landlord on behalf of Lincoln with respect to The Star and the Debtor since August 2020.

2. Except as otherwise indicated herein, the facts set forth in this declaration (the "Declaration") are based on my personal knowledge, my review of relevant documents, information provided to me by employees of or advisors to the Landlord and Lincoln, or my

---

[1] The Debtor's address is 3351 Waverly Drive, Celina, TX 75009. The last four digits of its tax identification number are 5814.

DOCS_NY:42930.3

opinion based upon my experience and knowledge. If called to testify, I would testify competently to the facts set forth in this Declaration on that basis.

3. I submit this Declaration in support of the *Motion of Landlord Blue Star Frisco Retail, LLC for an Order (I) in the Alternative (A) Confirming that the Automatic Stay has been Terminated Pursuant to Section 362(j) of the Bankruptcy Code Because the Lease Terminated Prepetition; or (b) Granting Relief from the automatic Stay; and (II) Compelling the Debtor's Compliance with Applicable Law and Lease Pending Departure* (the "Motion").[2]

4. The Debtor's premises, especially its bar, is exceptionally familiar to the local police department, which prepetition has, upon information and belief, arrested over 40 of the Debtor's patrons since August 2020 for numerous instances of public intoxication, consumption of alcohol by minors, criminal mischief, fighting, and similar disorderly offences. Approximately 24% of alcohol related arrests at The Star were related to the Debtor in 2019 and 2020. The police have also been required to respond to complaints at the Debtor's premises over 170 times prepetition since October 2019 for similar misconduct as well as noise disturbances, welfare investigations, theft/robbery, and other disturbances. Upon information and belief, the Texas Alcoholic Beverage Commission has at least six investigations into alleged violations of its policies and regulations by the Debtor.

5. Postpetition, on April 10, 2021, the Frisco Police Department responded to a call at the Debtor's premises. On that same night, and the following night, the Landlord received complaints from third parties about excessive noise emanating from the Debtor's premises.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

6. On April 17 and 18, 2021, the Landlord received further complaints from third parties about excessive noise emanating from the Debtors' premises, resulting in a request for police involvement on April 17, 2021.

7. As important as the Debtor's failure to comply with applicable laws and the provisions of the Lease is the effect such failures are having on the Landlord, other tenants of The Star and the overall community and patron perspective of The Star. For example, prepetition, the Landlord received complaints that the Debtor's patrons regularly relieved themselves in common areas and the parking lot and vomited (ostensibly from the excessive consumption of alcohol served by the Debtor) on the patios and properties of other businesses operating at The Star. Notwithstanding identifying these issues to the Debtor, the Debtor has taken no action to curtail these practices by its patrons. The Landlord also regularly receives complaints from a nearby condominium community related to the noise and disorder at the Debtor's bar and restaurant.

8. Postpetition, on or about April 13, 2021, the Debtor placed impermissible signage stating "We will be closing at 9pm for Spring Cleaning. We apologize for any inconvenience and look forward to seeing you soon. Trophy Park MGMT". Thereafter, the Debtor failed to remain open to the public for business during the times required by the Lease. The Debtor failed to obtain the Landlord's prior consent to posting such signage.

9. For all the foregoing reasons, I respectfully request that the Court grant the relief requested in the Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 20th day of April, 2021.

*Colleen Burrows*_____
Colleen Burrows
