IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TROPHY HOSPITALITY, LLC,[1] | § | Case No.: 21-40512 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

## STIPULATION BY AND BETWEEN DEBTOR AND BLUE STAR FRISCO RETAIL, LLC (I) ASSUMING LEASE AND (II) RESOLVING MOTION FOR RELIEF

This stipulation (this "Stipulation") is entered into by Trophy Hospitality, LLC, the above-captioned debtor and debtor in possession (the "Debtor") and Blue Star Frisco Retail, LLC (the "Landlord", together with the Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

A.  On April 8, 2021 (the "Petition Date"), the Debtor filed its voluntary petition under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court").

B.  On April 15, 2021, Scott M. Seidel was appointed subchapter V Trustee in this case (the "Case"). *See* Docket No. 10.

C.  The Debtor and Landlord are parties to that certain *Shopping Center Lease,* dated October 26, 2016, which was amended by the First Amendment to Shopping Center Lease dated December 13, 2018, the Second Amendment to Shopping Center Lease dated August 14, 2019,

---

[1] The Debtor's address is 3351 Waverly Drive, Celina, TX 75009. The last four digits of its tax identification number are 5814.

and the Third Amendment to Shopping Center Lease dated August 31, 2020 (collectively, the "Lease"). As of the Petition Date, the Debtor owed Landlord the amount of $153,026 (the "Prepetition Balance"), on account of the Debtor's accrued but unpaid obligations under the Lease.

D. On April 19, 2021, Landlord filed that certain *Motion of Landlord Blue Star Frisco Retail, LLC for an Order (I) in the Alternative (A) Confirming that the Automatic Stay has been Terminated Pursuant to Section 362(j) of the Bankruptcy Code Because the Lease Terminated Prepetition; or (b) Granting Relief from the automatic Stay; and (II) Compelling the Debtor's Compliance with Applicable Law and Lease Pending Departure* [Docket No. 18] (the "Motion"). Among other things, the Motion alleged a series of defaults and other violations under the Lease by the Debtor both before and after the Petition Date. The Debtor disputes such allegations. The Motion is currently set for hearing on July 13, 2021, at 9:30 a.m. (prevailing Central Time).

E. On June 17, 2021, Landlord timely filed a proof of claim [Claim No. 4] in the amount of the Prepetition Balance.

F. At various times postpetition, the Debtor made partial payments of its rental obligations under the Lease. As a result of such partial payments, the amount of $17,579.97 (the "July 1 Amount"), remains due and owing by the Debtor to the Landlord on a postpetition basis for the Debtor's obligations under the Lease from May 1, 2021 through and including July 1, 2021. In addition, the Debtor has received the benefit of the premises that is the subject of the Lease for the period from the Petition Date through and including April 30, 2021 (the "April Stub Period") without payment to Landlord for such period. Accordingly, the Debtor is obligated to pay Landlord the amount of $26,818.00 (the "April Stub Rent") on account of the April Stub Period.

G. The Debtor has determined in its business judgment that the Lease is necessary for any successful reorganization under chapter 11 of the Bankruptcy Code. Accordingly, the Parties

have agreed, subject to Bankruptcy Court approval, to the assumption of the Lease and the withdrawal of the Motion on the terms and conditions more fully set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall become effective on the date of entry by the Bankruptcy Court of an order approving this Stipulation, and authorizing the respective performance by each Party thereunder (the "Stipulation Entry Date"). In the event the Stipulation Entry Date does not occur on or before July 19, 2021, for any reason: (i) this Stipulation shall be deemed null and void and the Parties shall be relieved and released from any obligation hereunder: (ii) nothing contained in this Stipulation shall be construed to waive, alter or affect either Party's rights or remedies in the Case; and (iii) the Motion shall be reset on the Bankruptcy Court's calendar at the earliest available date.

2. Subject to the Occurrence of the Stipulation Entry Date, the Lease shall be deemed to be assumed by the Debtor, *in toto*, effective as of July 1, 2021, pursuant to section 365(a) of the Bankruptcy Code.

3. The terms of the cure of the Lease pursuant to section 365(b)(1) of the Bankruptcy Code are as follows (collectively, the "Cure Payments"):

    a. No later than 12:00 p.m. (prevailing Central Time) on the third (3rd) business day following the Stipulation Entry Date, the Debtor shall pay Landlord, *via* check, the July 1 Amount on account of all of the Debtor's remaining obligations under the Lease from May 1, 2021 through and including July 1, 2021.

  b. No later than 12:00 p.m. (prevailing Central Time) on the thirtieth (30th) day following the Stipulation Entry Date, the Debtor shall pay Landlord, *via* check, the April Stub Rent on account of all of the Debtor's remaining obligations under the Lease from the Petition Date through and including April 30, 2021.

  c. No later than 12:00 p.m. (prevailing Central Time) on the earlier of (i) the effective date of any plan of reorganization or (ii) October 1, 2021, the Debtor shall pay Landlord, *via* check, the Prepetition Balance.

 4. Upon delivery of each of the Cure Payments, the Debtor shall request, and Landlord or its representative shall provide upon request by the Debtor, a receipt evidencing the date and time of delivery of each of the Cure Payments as well as the amount thereof.

 5. Upon the occurrence of the Stipulation Entry Date, the Motion shall be deemed withdrawn.

 6. Upon the occurrence of the Stipulation Entry Date, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be terminated with respect to the Landlord, its agents, employees, representatives, professionals, and counsel, to exercise any of Landlords' rights or remedies, under, *inter alia*, the Lease, against the Debtor or its estate.

 7. The Debtor's failure to timely pay each of the Cure Payments in accordance with this Stipulation, time being of the essence, shall be deemed a default under the Lease; and upon such failure to pay any of the Cure Payments, the Lease shall be deemed automatically rejected, pursuant to section 365 of the Bankruptcy Code, and terminated, without further order of the

Bankruptcy Court or any further action on the part of the Landlord and the Debtor shall immediately deliver possession of the premises subject to the Lease to the Landlord.

8. The Debtor shall not file, nor seek or support confirmation of, any plan of reorganization or liquidation inconsistent with the terms and conditions of this Stipulation.

9. Each person who executes this Stipulation on behalf of each Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. The terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Stipulation Entry Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

13. The Bankruptcy Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Stipulation

*[Remainder of Page Intentionally Left Blank]*

**AGREED AS TO FORM AND CONTENT:**

Dated:   July 7, 2021

By: /s/ Eric A. Liepins
Eric A. Liepins (TX Bar No. 12338110)
**ERIC A. LIEPINS, P.C.**
12770 Coit Road
Dallas, Texas 75251
Telephone:  (972) 991-5591
Email: eric@ealpc.com

*Counsel for the Debtor*

By: /s/ Michael D. Warner
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar. No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 691-9385
Email: mwarner@pszjlaw.com
Email: bwallen@pszjlaw.com

*Counsel for Blue Star Frisco Retail, LLC*