Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar. No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone:  (713) 691-9385
Email: mwarner@pszjlaw.com
Email: bwallen@pszjlaw.com

*Counsel for Blue Star Frisco Retail, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TROPHY HOSPITALITY, LLC,**[1] | § | **Case No.: 21-40512** |
| | § | |
| **Debtor.** | § | |
| | § | |

**BLUE STAR FRISCO RETAIL, LLC'S LIMITED OBJECTION TO PLAN OF REORGANIZATION OF TROPHY HOSPITALITY, LLC PURSUANT TO SECTION 1190 OF THE BANKRUPTCY CODE DATED JULY 7, 2021**

Blue Star Frisco Retail, LLC (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Plan of Reorganization of Trophy Hospitality, LLC Pursuant to Section 1190 of the Bankruptcy Code Dated July 7, 2021* [Docket No. 43] (the "Plan") filed by the above-captioned debtor and debtor in possession (the "Debtor"). In support of this Objection, Landlord respectfully states as follows:

**INTRODUCTION**

1.      Effective July 1, 2021, the Debtor assumed the Lease (defined below) with Landlord concerning the Debtor's premises, pursuant to Bankruptcy Court Order, which approved

---

[1] The Debtor's address is 3351 Waverly Drive, Celina, TX 75009.  The last four digits of its tax identification number are 5814.

DOCS_NY:43890.1

of the Stipulation (defined below) between Landlord and Debtor. The Stipulation also resolved Landlord's Motion for Relief (defined below). In addition, the Stipulation also provided that "The Debtor shall not file, nor seek or support confirmation of, any plan of reorganization or liquidation inconsistent with the terms and conditions of this Stipulation." Stipulation at ¶ 8. The Plan was filed prior to the Bankruptcy Court's approval of the Stipulation. Accordingly, and as more fully set forth below, Landlord files this Objection out of an abundance of caution for the limited purposes of (i) identifying inconsistencies between the Stipulation and Plan and (ii) identifying ambiguities in the Plan which require correction. While Landlord contacted the Debtor previously regarding the issues identified herein, Landlord has not yet received a substantive response to such comments.

## BACKGROUND

2. On April 8, 2021 (the "Petition Date"), the Debtor filed its voluntary petition under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court").

3. On April 15, 2021, Scott M. Seidel was appointed subchapter V Trustee in this case (the "Case"). *See* Docket No. 10.

4. The Debtor and Landlord are parties to that certain *Shopping Center Lease,* dated October 26, 2016, which was amended by the First Amendment to Shopping Center Lease dated December 13, 2018, the Second Amendment to Shopping Center Lease dated August 14, 2019, and the Third Amendment to Shopping Center Lease dated August 31, 2020 (collectively, the "Lease").

5. On April 19, 2021, Landlord filed that certain *Motion of Landlord Blue Star Frisco Retail, LLC for an Order (I) in the Alternative (A) Confirming that the Automatic Stay has been Terminated Pursuant to Section 362(j) of the Bankruptcy Code Because the Lease Terminated Prepetition; or (b) Granting Relief from the automatic Stay; and (II) Compelling the Debtor's Compliance with Applicable Law and Lease Pending Departure* [Docket No. 18] (the "Motion for Relief"). Among other things, the Motion alleged a series of defaults and other violations under the Lease by the Debtor both before and after the Petition Date.

6. On July 7, 2021, the Debtor filed the Plan. Confirmation of the Plan is set to be considered by the Bankruptcy Court on August 24, 2021 at 9:30 a.m. and objections to the Plan are due to be filed no later than August 18, 2021. *See* Docket No. 47.

7. On July 28, 2021, the Debtor filed that certain *Joint Motion for Approval of Agreement Pursuant to Bankruptcy Rule 4001(d)* [Docket No. 52],[2] which sought court approval of that certain *Stipulation By and Between Debtor Blue Star Frisco Retail, LLC (I) Assuming Lease and (II) Resolving Motion for Relief* [Docket No 52-1] (the "Stipulation"). The Stipulation was entered into by the Debtor and Landlord on July 7, 2021, the same day that the Plan was filed.

8. On August 6, 2021, the Bankruptcy Court entered that certain *Order Approving Agreement Pursuant to Bankruptcy Rule 4001(d)* [Docket No. 58] (the "Stipulation Approval Order"), which approved the Stipulation as well as the Debtor's assumption of the Lease.

9. The Stipulation provided for, as is relevant to this Objection, *inter alia*,

    a. the Debtor's assumption of the Lease, *in toto*, effective as of July 1, 2021; *see*

---

[2] For the avoidance of doubt, on July 7, 2021, the Debtor previously filed a substantially similar motion [Docket No. 44] seeking Bankruptcy Court approval of the Stipulation, which was subsequently amended at Docket Nos. 45 and 46. On July 28, 2021, the foregoing motion, as amended, was dismissed without prejudice, and thereafter refiled as set forth herein. *See* Docket No. 51.

Stipulation at ¶ 2

b. the Debtor's payment to amounts agreed to by Debtor and Landlord to resolve arrearages under the Lease occurring before and after the Petition Date through three payments (collectively, the "Cure Payments"), including (i) a payment within three business days of entry of the Stipulation Approval Order, (ii) a payment within thirty days after entry of the Stipulation Approval Order, and (iii) a payment, comprising an agreed amount of the Debtor's prepetition arrearages under the Lease, no later than the earlier of (x) the effective date of any plan of reorganization and (y) October 1, 2021;[3] and, *see* Stipulation at ¶ 3

c. "The Debtor shall not file, nor seek or support confirmation of, any plan of reorganization or liquidation inconsistent with the terms and conditions of this Stipulation." *See* Stipulation at ¶ 8.

## **ARGUMENT**[4]

10.  As set forth above, pursuant to the Stipulation, as approved by the Stipulation Approval Order, the Debtor is prohibited from filing or seeking confirmation of any plan of reorganization, including the Plan, which is inconsistent with the terms and conditions of the Stipulation. Accordingly, the Debtor should amend the Plan to be consistent with the terms of the Stipulation.

### A. The Plan Should Properly Identify the Debtor

11.  The Plan identifies the Debtor as "Trophy Hospitality, Inc." and "Steps America,

---

[3] The Debtor timely made the first of the Cure Payments identified in Stipulation, and the deadlines for the remaining two Cure Payment have not yet occurred.

[4] Notwithstanding the filing of this Objection, Landlord expressly reserves all of its rights with respect to any of the Debtor's existing or future defaults under, *inter alia*, the Lease and Stipulation. The filing of this Objection is not a waiver of, nor shall it be construed to be, a waiver of any of Landlord's rights.

Inc." *See* Plan at Arts. I, II(16).  However, Landlord understands that the Debtor is Trophy Hospitality, LLC, which is the entity identified in the Stipulation as the Debtor and is the entity appearing in the caption of this Case.  The Plan should be amended to properly identify the Debtor.

### B. Class I Treatment Should Be Amended to be Consistent with the Stipulation

12. The Plan addresses allowed administrative claims, including those of professionals, the subchapter V Trustee, and Landlord in Class 1.  *See* Plan at Art. VI. The Plan presently provides, with respect to the Landlord, that "The Debtor's other administrative claims consist of post-petition rent claims of the landlord.  The landlord has asserted an Administrative Claim in the amount of approximately $153,026.  The Debtor will pay the Landlord Administrative Claim in 12 equal monthly payments."  While the term "Landlord Administrative Claim" is not defined in the Plan, to the extent that the Debtor intends to limit Landlord's administrative claims in these cases to the amount of $153,026, such a limitation would be contrary to the terms of the Stipulation.  The two remaining Cure Payments set forth in the Stipulation require the Debtor to pay the Landlord the aggregate amount of $179,844, in accordance with the terms of the Stipulation.  *See* Stipulation at ¶ 3.

13. In addition, and importantly, the Plan also provides for a materially different payment schedule than that provided for in the Stipulation.  More particularly, the two remaining Cure Payments provide for the payment of the entire amount of each such Cure Payment upon dates or events specified in the Stipulation.  Accordingly, the Plan should not alter the amount or payment deadlines set forth in the Stipulation and should be amended to conform to the terms of the Stipulation.

### C. The Plan Should Clarify that the Lease was Assumed by the Debtor, effective July 1, 2021, *via* the Stipulation, Not the Plan

14. Article XI of the Plan provides, *inter alia*, "The Debtor currently has an [sic] lease space at its facility.  The Debtor specifically assumes the Lease on its premises under the Plan.  The Debtor and the Landlord have entered into a Stipulation concerning the Assumption of the Lease which is incorporated herein."  The foregoing language appears to provide for the assumption of the Lease pursuant to the Plan.

15. However, the Lease was assumed by the Debtor pursuant to the Stipulation as approved by the Stipulation Approval Order, effective as of July 1, 2021.  Accordingly, language in the Plan which purports to assume the Lease, which was already assumed by the Debtor effective as of July 1, 2021, is inconsistent with the terms of the Stipulation.  Furthermore, the inclusion of such language could cause confusion regarding the date on which the Lease was assumed and the related terms of assumption, notwithstanding the general reference to the Stipulation in the Plan.

16. Accordingly, the Debtor should amend the Plan to clarify that the Lease was assumed, effective July 1, 2021, *via* the Stipulation and Stipulation Approval Order, to resolve any conflict and ambiguity that presently exists between the Stipulation and Plan.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, for the foregoing reasons, Landlord respectfully requests that the Bankruptcy Court deny confirmation of the Plan, absent amendments thereto as set forth herein, consistent with the terms and conditions of the Stipulation, and for such other and further relief as may be just and proper under the circumstances.

Respectfully Submitted,

Dated: August 18, 2021

By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar. No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 691-9385
Email: mwarner@pszjlaw.com
Email: bwallen@pszjlaw.com

*Counsel for Blue Star Frisco Retail, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2021, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in this case.

*/s/ Michael D. Warner*
Michael D. Warner