Megan M. Adeyemo (TX. Bar #24099595)
Annie C. Matthews (TX. Bar #24115058)
GORDON REES SCULLY MANSUKHANI, LLP
2200 Ross Avenue, Suite 3700
Dallas, TX  75201
Ph: (214) 231-4660 / Fax:  (214) 461-4053
Email:  madeyemo@grsm.com
Email:  amatthews@grsm.com

Attorneys for CELTIC BANK CORPORATION

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: ) ) TROPHY HOSPITALITY, LLC, ) ) Debtor. ) ) | ) Case No.: 21-40512-11 ) ) Chapter 11 ) |

**NOTICE AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d)(1) AND (2)**

Celtic Bank Corporation. ("Celtic Bank"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, hereby files this Notice and Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) and (2) (this "Motion") and states as follows:

**14-DAY NEGATIVE NOTICE – LBR 4001(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this**

1

**Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

## BACKGROUND

1. On or about October 26, 2016, Trophy Hospitality, LLC ("Debtor") and Blue Star Frisco Retail, LLC ("Landlord") entered into the Shopping Center Lease (together with all amendments, the "Lease") with Debtor for 6770 Winning Drive, Suite 900, Frisco, TX 75034 (the "Property"). See Declaration of Jeffery Orgill filed in support hereof ("Orgill Declaration") at ¶ 2.

2. On December 13, 2018, Debtor and Landlord entered into the First Amendment to the Shopping Center Lease. See Orgill Dec. at ¶ 3.

3. On or about December 14, 2018, in preparation for Celtic Bank's loan to Debtor, Landlord agreed to subordinate its interest in all of Debtor's collateral located on the Property to Celtic Bank's interests as set forth in the Landlord Lien Subordination, Collateral Access and Notice of Assignment of Lease Agreement ("Subordination Agreement"). A true and correct copy of the Subordination Agreement is attached to the Orgill Declaration as **Exhibit 1.**

4. On or about January 30, 2019, Celtic Bank provided financing to Debtor to enable it to acquire various equipment, furniture, fixtures and inventory for its new business operations.

5.      The loan was documented in a number of agreements including the U.S. Small Business Administration Note dated January 30, 2019 in the original principal amount of $2,050,000.00 pursuant to which, Debtor was required to pay principal and interest payments of $24,883.91 every month beginning seven months from January 30, 2019, with interest adjusted quarterly (the "Note"). The term of the Note was for ten years six months from the date of the Note. See Orgill Dec. at ¶ 6, and Exhibit 2.

6.      The obligations under the Note were secured by the "Collateral" as described in the Cash Collateral Pledge and Security Agreement dated January 30, 2019 granting a security interest in, among other things, the Accounts, all cash, certificates, interest, dividends, deposits, deposit accounts, all as more particularly described in the Pledge Agreement. See Orgill Dec. at ¶ 7, and Exhibit 2.

7.      The obligations under the Note were further secured by Collateral described in the Commercial Security Agreement granting Celtic Bank a security interest in, among other things. "All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles, Purchase Money Security Interest in all Equipment, Purchase Money Security Interest in all Fixtures, and Purchase Money Security Interest in all Inventory" together with additional collateral as described in the Commercial Security agreement. See Orgill Dec. at ¶ 8, and Exhibit 2.

8.      A true and correct copy of the Note, Cash Collateral Pledge and Security Agreement and Commercial Security Agreement were attached as part of Celtic Bank's proof of claim filed in this case (Claim number 3) in the fully secured amount of $1,794,983.54. A true and correct copy of Celtic Bank's Proof of Claim is attached to Orgill Declaration as **Exhibit 2.**

9. On August 14, 2019, Landlord and Debtor entered into the Second Amendment to Shopping Center Lease and on August 31, 2020 they entered into the Third Amendment to Shopping Center Lease.

10. On April 8, 2021, Debtor filed its voluntary petition under Subchapter V of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

11. On April 15, 2021, Scott M. Seidel was appointed Subchapter V Trustee in Debtor's bankruptcy case.

12. On May 12, 2021, Celtic Bank filed its proof of claim in the Trophy Hospitality case in the fully secured amount of $1,794,983.54. **Exhibit 2,** Orgill Declaration**.**

13. On April 19, 2021, Landlord filed its Motion of Landlord Blue Star Frisco Retail, LLC for an Order (1) Alternative (A) Confirming that the Automatic Stay has been Terminated Pursuant to Section 362(j) of the Bankruptcy Code Because the Lease Terminated Prepetition; or (B) Granting Relief from the Automatic Stay and (II) Compelling Debtor's Compliance with Applicable Law and Lease Pending Departure [Doc. 18] ("Landlord's Motion").

14. On July 28, 2021, Debtor and Landlord entered into a Stipulation resolving issues raised in Landlord's Motion [Doc. 52-1] and on August 8, 2021, the Court approved the Stipulation [Doc. 58].

15. On August 9, 2021, Celtic Bank filed its Notice of 1111(b) election. [Doc. 60]

16. On August 16, 2021, the United States Trustee filed a Motion to Convert or Dismiss, with Prejudice, Debtor's bankruptcy case. [Doc. 61]

17. On August 17, 2021, Celtic Bank filed its Objection to Confirmation of Chapter 11 Small Business Subchapter V Plan. [Doc. 63]

18. On August 18, 2021, Landlord filed a Limited Objection to Plan. [Doc. 69]

19. On August 21, 2021, the Landlord served Debtor with Notice of Event of Default and Termination of Lease.

20. On August 21, 2021, Landlord sent Celtic Bank a Notice of Termination Event pursuant to the terms of the Subordination Agreement. A true and correct copy of the Notice of Termination is attached to Orgill Declaration as **Exhibit 3.**

21. The Subordination Agreement provides, among other things, Celtic Bank a disposition period of thirty (30) days following a termination notice without interference by Landlord, to enter the Property and inspect or remove any and all of the Collateral in connection with the enforcement of its rights pursuant to the Credit Agreement (the "Disposition Period"). Celtic Bank is required to pay for occupancy after the Disposition Period pursuant to paragraph 4(c) of the Subordination Agreement. **Exhibit 1,** Orgill Declaration.

22. According to Debtor's Plan, the Collateral has a collective value of $300,000.00. [Doc. 43]

## BASIS FOR RELIEF REQUESED

23. Cause exists for the Court to grant Celtic Bank relief from the automatic stay pursuant to §§ 362(d)(1) and (2) of the Bankruptcy Code because the Collateral is not necessary to an effective reorganization in light of the termination of the Lease by the Landlord. In addition, there is no equity in the Collateral as the Collateral is valued by Debtor at $300,000 [Doc. 43] whereas Celtic Bank's claim secured by the Collateral is in the amount of at least $1,794,983.54 (**Exhibit 2,** Orgill Declaration). The Collateral continues to depreciate post-petition and Debtor is no longer able to use of the Collateral which is located at the Property and Landlord terminated

5

Debtor's lease.  Additionally, it is likely that some of the Collateral is perishable food stuffs included in Debtor's inventory and will be valueless absent immediate relief.

24. Landlord's Notice of Termination Event sent on August 21, 2021 terminated Debtor's lease and began the Disposition Period allowing Celtic Bank to take possession of its Collateral.  Thirty days after August 21, 2021, Celtic Bank would be required to begin paying for occupancy in light of the termination of Debtor's lease and lock out of Debtor by the Landlord, pursuant to paragraph 4(c) of the Subordination Agreement. See Subordination Agreement, **Exhibit 1** to Orgill Dec.

25. Cause therefore exists for this Court to grant Celtic Bank immediate relief from the automatic stay so as to permit Celtic Bank, its agents, employees, representatives, professionals, and counsel, to exercise its rights under the Loan Agreement, and Subordination Agreement, including all of Celtic Bank's available legal and contractual remedies with respect to the Collateral, including but not limited to entering the Property and taking possession of, liquidating (including conducting an auction of the Collateral), disposing of and/or removing any and all Collateral referenced in the Loan Agreement.  Celtic Bank is not seeking relief from stay at this time to take other enforcement action against Debtor or the bankruptcy estate with respect to any deficiency balance remaining on the Loan Agreement after crediting any proceeds from the disposition of the Collateral.  This Motion is without prejudice to Celtic Bank seeking further relief from the Court, including pursuing a deficiency claim against Debtor.

26. Celtic Bank further requests that the Court also waive the fourteen-day stay of that order provided by Fed. R. Bankr. P. 4001(a)(3) and permit Celtic Bank to immediately enforce and implement the Order, particularly given the likelihood of perishable inventory.

WHEREFORE, Celtic Bank respectfully requests that this Court enter an Order: (1) terminating, annulling and modifying the automatic stay of 11 U.S.C. section 362 to permit movant, Celtic Bank, its agents, employees, representatives, professionals, and counsel, to exercise its rights under the Loan Agreement, and Subordination Agreement, including all of Celtic Bank's available legal and contractual remedies with respect to the Collateral, including but not limited to entering the Property and taking possession of, liquidating (including conducting an auction of the Collateral), disposing of and/or removing any and all Collateral referenced in the Loan Agreement; (2) , waiving the fourteen day stay of such order, and (3) granting such other and further relief to Celtic Bank as the Court deems proper.

Dated:  September 3, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/ Megan M. Adeyemo
Megan M. Adeyemo
Annie C. Matthews
2200 Ross Avenue, Suite 3700
Dallas, TX  75201
Ph: (214) 231-4660 / Fax:  (214) 461-4053
Email:  madeyemo@grsm.com
Email:  amatthews@grsm.com

Counsel for Celtic Bank Corporation

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 3, 2021, a true and correct copy of the foregoing document was electronically filed and served via CM/ECF on all parties that have entered an appearance and requested service in the above-referenced case and via US Mail as follows:

Trophy Hospitality, LLC
3351 Waverly Drive
Celina, TX 75009

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road Ste. 850
Dallas, TX 75251

| | |
|---|---|
| Scott Seidel<br>Sub Chapter V Trustee<br>6505 West Park Boulevard Ste. 306<br>Plano, TX 75093 | U.S. Trustee<br>Office of the United States Trustee<br>110 N. College Ave. Ste. 300<br>Tyler, TX 75702 |
| Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702 | John M. Vardeman<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702 |
| Blue Star Frisco Retail, LLC<br>Michael D. Warner<br>Benjamin L. Wallen<br>Pachulski Stang Ziehl & Jones, LLP<br>440 Louisiana Street, Ste. 900<br>Houston, TX 77002 | Aramak Uniform Services<br>P.O. Box 731617<br>Dallas, TX 75373 |
| Bigs Investment Holdings, LLC<br>c/o Travis Richard<br>5335 Spring Valley<br>Dallas, TX 75234 | Purely Meat Company<br>435 W. Division<br>Chicago, IL 60651 |
| Shiloh Oak Investment, LLC<br>c/o Travis Richard<br>5335 Spring Valley<br>Dallas, TX 75234 | City of Frisco<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o Laurie A. Spindler<br>2777 N. Stemmons Freeway, Ste. 1000<br>Dallas, TX 75207 |
| Sani Servant<br>3100 E. Meadows<br>Mesquite, TX 75150 | Small Business Admin<br>P.O. Box 3918<br>Portland. OR 97208 |
| Frisco ISD<br>c/o Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 310, LB 40<br>Garland, TX 75042 | Wade Electric<br>c/o Brandon Fielder et al<br>1919 S. Shiloh Road, Suite 310, LB 40<br>Garland, TX 75042 |

*/s/ Anita Soto*
For Gordon Rees Scully Mansukhani LLP

1244852/61083723v.1

8